

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No.O-1481
Re: Whether the Commissioners'
Court is authorized at any
time, without request or con-
sent of the sheriff, to en-
tirely eliminate the salary
to be paid to certain depu-
ties or reduce the amount to
be paid to other deputies.

Your letter of September 21, 1939, requesting an
opinion from this Department, contains the following re-
quest:

"Where the sheriff of a county at the first
part of the year submits a list of the deputies
which he will need and the amount each is to be
paid (together with the other information requir-
ed), and said application is approved by the Com-
missioner's Court, may the Commissioner's Court
at any time during that year without the request
or consent of the sheriff entirely eliminate the
salary to be paid to certain deputies, or reduce
the amount to be paid to other deputies, or raise
the amount to be paid to still other deputies?"

Article 6869, Revised Civil Statutes, as amended,
provides:

"Sheriffs shall have the power, by writing,
to appoint one or more deputies for their re-
spective counties, to continue in office during
the pleasure of the sheriff, who shall have power
and authority to perform all the acts and duties

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James W. Strawn, Page 2

of their principals; and every person so ap-
pointed shall, before he enters upon the duties
of his office, take and subscribe to the offi-
cial oath, which shall be indorsed on his ap-
pointment,together with the certificate of the
officer administering the same; and such appoint-
ment and oath shall be recorded in the office
of the County Clerk and deposited in said office.
The number of deputies appointed by the sheriff
of any one county shall be limited to not ex-
ceeding three in the Justice precinct in which
is located the county site of such county, and
one in each Justice precinct, and a list of these
appointments shall be posted up in a conspicuous
place in the Clerk's office. An indictment for
a felony of any deputy sheriff appointed shall
operate a revocation of his appointment as such
deputy sheriff. Provided further, that if in the
opinion of the Commissioners' Court fees of the
sheriff's office are not sufficient to justify
the payment of salaries of such deputies, the
Commissioners' Court shall have the power to pay
the same out of the General Fund of said county."

Article 3902, Revised Civil Statutes, as amended,
and applicable to Willacy County, in part, provides:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said applica-
tion shall be accompanied by a statement showing
the probable receipts from fees, commissions and
compensation to be collected by said office dur-
ing the fiscal year and the probable disbursements
which shall include all salaries and expenses of
said office; and said court shall make its order
authorizing the appointment of such deputies,
assistants and clerks and fix the compensation to
be paid them within the limitations herein pre-
scribed and determine the number to be appointed
as in the discretion of said court may be proper;

provided that in no case shall the Commissioners'
Court or any member thereof attempt to influence
the appointment of any person as deputy, assist-
ant or clerk in any office. Upon the entry of
such order the officers applying for such assist-
ants deputies or clerks shall be authorized to
appoint them; provided that said compensation
shall not exceed the maximum amount hereinafter
set out. The compensation which may be allowed
to the deputies, assistants or clerks above named
for their services shall be a reasonable one, not
to exceed the following amounts.

"1. In counties having a population of twenty-
five thousand (25,000) or less inhabitants, first
assistant or chief deputy not to exceed Eighteen
Hundred ($1800.00) Dollars per annum; other assist-
ants, deputies or clerks not to exceed Fifteen
Hundred ($1500.00) Dollars per annum each. * * *"

Under the provisions of Article 6869, supra, the
sheriff is given the power, by writing, to appoint one or
more deputies for their respective counties, to continue
in office during the pleasure of the sheriff and such is
tantamount to a provision that both appointment and tenure
of office are discretionary with the sheriff. - Murray v.
Harris (C. C. A.) 112 S. W. (2d) 1091.

It is apparent under the foregoing authorities,
that the commissioners' court can limit the number and
salary of sheriff's deputies, but said court has no power
over the naming of the individuals to be appointed, and
are especially prohibited from attempting any such influ-
ence. - Harris County et al v. Smith et al, 81 S. W. (2d)
537 (writ refused).

The commissioners' court is vested with full
authority to manage and direct the financial affairs of
the county. Such court is given full authority over the
expenditure of funds for salaries to be paid deputies em-
ployed in the office of the sheriff within the maximum
limits fixed by law. The appointment, by application to
and with the consent of the commissioners' court is only
to be effected after a proper order authorizing same is
made by the commissioners' court.

Honorable James W. Strawn, Page 4

Deputies, clerks and assistants have no vested right as to any fixed salary within the maximum limits authorized by Article 3902, supra, as against the authority of the commissioners' court to change same or eliminate the entire salary of deputies at any time during the year so long as its orders are not retrospective nor any reduction or increase is made in salaries earned for past services.

It is, therefore, the opinion of this department that exclusive authority and control during the year over the salaries of deputies duly appointed by the sheriff, as authorized and fixed under the provisions of Article 3902, Vernon's Revised Civil Statutes as amended, is vested in the commissioners' court and such court may exercise such authority without the consent and approval of the sheriff.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WmK:jm

APPROVED NOV 17, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN